**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**AT COVINGTON**

**CIVIL CASE NO. 2:19-45-WOB-CJS**

**JAMES SUMPTER JR.**                                                                       **PLAINTIFF**

**v.**                          <u>**REPORT AND RECOMMENDATION**</u>

**UNITED STATES**
**DEPARTMENT OF EDUCATION**                                                  **DEFENDANT**

\* \* \* \* \* \* \* \* \* \*

This matter is before the Court on Plaintiff's Motion for Order for Issuance of Summons. (R. 5). Because Plaintiff James Sumpter, Jr. has failed to serve Defendant United States Department of Education within 90 days after the filing of his Complaint and has not provided adequate justification for that failure, it will be recommended that Plaintiff's Motion be denied and this case be dismissed without prejudice.

**I.    BACKGROUND**

Plaintiff Sumpter alleges that on or about July 21, 2009, a completed Federal Plus Loan Application and Master Promissory Note were submitted seeking to obtain a student loan for Elizabeth Race, Sumpter's daughter. Although the documents identify Sumpter as the person borrowing funds on behalf of Elizabeth, Sumpter alleges that the documents were completed, including his "e-signature," by Elizabeth's mother, Veronica Kincaid, and Elizabeth's maternal grandmother, Darlene Talley. He says he neither signed the Federal Plus Loan Application nor authorized anyone to sign the application on his behalf.

When Sumpter was notified that his tax refund was being withheld to pay an approximate $22,300 principal and accrued interest student loan debt he owes to the U.S. Department of

Education, Federal Student Aid, he contacted the Department of Education and requested the loan be discharged on the basis that it was falsely certified.  The Department denied Sumpter's request in February 2017, finding that the Department records showed he executed the loan documents and he had been unable to prove that the debt is not owed.  Sumpter then requested a hearing, again objecting that his name was signed to the loan documents without his knowledge or authorization.  On February 5, 2019, without having conducted a hearing, a Hearing Decision was issued that determined that the loan application was not a forgery. (*See* R. 1-2).  That Decision also informed Sumpter that if he desired further review of the matter, he could bring a lawsuit in federal district court.

Sumpter then on April 9, 2019, filed the instant action against the Department of Education seeking a declaratory judgment in his favor under 28 U.S.C. § 2201 "that the loan at issue is a forgery and he is not obligated thereon." (R. 1 at Page ID 3).  But after filing the Verified Complaint, no other action was taken to advance the case.  On December 30, 2019, Plaintiff was ordered to file a Status Report or otherwise make appropriate filings to advance the case by January 13, 2020.  (R. 4).

Plaintiff filed a Status Report.  (R. 6).  The Report states that at the time the Complaint was filed, a Request for Waiver of Service of Summons was prepared rather than summonses being prepared and tendered to the Clerk, and that it was not until receiving the Court's December 30, 2019 Order that counsel realized the Waiver of Service had not been returned to counsel by Defendant.  (*Id.* at Page ID 21).

In conjunction with Plaintiff's Status Report, Sumpter also filed a Motion for Order for Issuance of Summons. (R. 5).  Although more than 90 days have passed since the filing of the Complaint, Sumpter asks that the Court authorize the Clerk to issue a summons to the U.S.

Department of Education so that it can be formally notified of this lawsuit and served with the Verified Complaint.

## II.    DISCUSSION

Rule 4(m) of the Federal Rules of Civil Procedure requires the Court to undertake a two-part analysis. According to the Sixth Circuit:

> First, the court must determine whether the plaintiff has shown good cause for the failure to effect service. If he has, then "the court shall extend the time for service for an appropriate period." Second, if the plaintiff has not shown good cause, the court must either (1) dismiss the action or (2) direct that service be effected within a specified time.

*Turner v. Ky. Transp. Cabinet,* No. 3:10-39-DCR, 2010 WL 5014516, at *4 (E.D. Ky. Dec. 3, 2010) (citing *Stewart v. Tenn. Valley Auth.,* No. 99-5723, 2000 WL 1785749, at *1 (6th Cir. Nov. 21, 2000)) (internal citations omitted). Generally, a defendant must be served within 90 days after the filing of their complaint or their case could be dismissed. Fed. R. Civ. P. 4(m). If a plaintiff shows good cause for failure to serve the defendant within 90 days, however, "the court *must* extend the time for service for an appropriate period." *Id. (*emphasis added).  Plaintiff bears the burden of establishing good cause to justify the failure. *Habib v. Gen. Motors Corp.,* 15 F.3d 72, 73 (6th Cir. 1994). Rule 4(m) does not define good cause, but the Sixth Circuit has required "at least excusable neglect." *Stewart*, 2000 WL 1785749, at *1.  As such, the plaintiff must prove that his neglect was excusable. *Turner v. City of Taylor,* 412 F.3d 629, 650 (6th Cir. 2005) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 388 (1993)). In deciding whether the neglect was excusable, the court must consider all of the circumstances surrounding the party's failure. *Id.*

Plaintiff has yet to justify why the Defendant has not been served in approximately nine months from the filing of the Complaint to the Show Cause Order.  According to Plaintiff's January 13, 2020 Status Report, "Plaintiff's Counsel did not realize, prior to this Court's Order of

December 30, 2019, that [Plaintiff's Request for Waiver of Service of Summons] has not been returned." (R. 6). Seemingly, Plaintiff's justification for failing to make timely service is that Plaintiff had requested a waiver of service, which was not returned by Defendant. Request, but not receipt, of a waiver of service does not satisfy the good cause standard. *Bradford v. Bracken Cnty.,* 767 F. Supp. 2d 740, 754 (E.D. Ky. 2011). Absent Sixth Circuit precedent on whether Defendant's refusal to waive service satisfied Rule 4(m)'s standard, the Court in *Bradford* rejected excuses based on failure to receive waiver of formal service. *Id.* The Court also noted that *Federal Practice and Procedure* advises plaintiffs "to be wary of consuming too much of the 120 days pursuing a waiver of formal service" because it may make compliance with Rule 4(m) difficult or impossible. *Id.* (citing 4B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1137 (3d. ed.)).

Since the filing of the Complaint, Plaintiff has not informed of any other attempts to serve Defendant other than the Waiver of Service being sent. As evidenced by the summonses prepared by Plaintiff, Plaintiff is and has been aware of the location and identity of Defendant. (R. 5-1; R. 5-2). Given the circumstances of this case, Plaintiff has failed to show good cause in his failure to serve Defendant within 90 days. As such, it will be recommended that Plaintiff's Motion for Order for Issuance of Summons be denied.

If good cause has not been shown, the Court must either (1) dismiss the action or (2) direct that service be effected within a specified time. Fed. R. Civ. P. 4(m). Courts in this Circuit have set out several factors relevant to the exercise of this discretion, namely:

> (1) whether a significant extension of time was required; (2) whether an extension of time would prejudice the defendant other than the inherent 'prejudice' in having to defend the suit; (3) whether the defendant had actual notice of the lawsuit; (4) whether a dismissal without prejudice would substantially prejudice the plaintiff ... and (5) whether the plaintiff had made any good faith efforts at effecting proper service of process.

*Kinney v. Lexington-Fayette Urban Cnty. Gov't,* No. 5:12-360-KCC, 2013 WL 3973172, at *2 (E.D. Ky. Aug. 1, 2013) (citing *Kirk v. Muskingum Cnty. Ohio*, No. 2:09-CV-00583, 2011 WL 1480136, at *5 (S.D. Ohio Apr. 19, 2011)). In *Kinney,* plaintiff had filed his complaint on November 13, 2012, and defendants filed an answer alleging inadequate service less than a month later on December 5, 2012. *Id.* at *1. Service was not made on one defendant, Lewis, until July 7, 2013; adequate service was never made on another defendant, McIntosh. *Id.* The Court, nevertheless, refused to dismiss the case based on Rule 4(m) and granted a brief extension of time to effectuate service on McIntosh. The Court's decision in *Kinney* was influenced by the plaintiff's successful attempt at service outside the Rule 4(m) period, actual notice of the suit by defendants within the Rule 4(m) period, actual litigation on the part of the defendants, and lack of prejudice to the defendants. *Id.*at *2.

Examining the *Kinney* factors in this case weighs in favor of dismissing. First, a significant extension of time would be required. Plaintiff has not put forth any appropriate justification as to why service could not have been made within the original Rule 4(m) time period. This factor weighs in favor of dismissal.

Second, the Court must consider the prejudice to the Defendant other than the inherent prejudice in having to defend the suit. Plaintiff alleges in his Motion for Order for Issuance of Summons that "summons will not cause any undo [sic] hardship on the Defendant." (R. 5). As the defense has not filed any answer to Plaintiff's motion, no prejudice to the Defendant has been alleged. As such, this factor weighs in favor of extending time for service.

Third, no evidence of Defendant's actual notice of this suit has been presented. The important question is if Defendant received notice before the Rule 4(m) time for service expired. *Id.* Unlike *Kinney*, Defendant has yet to participate in this suit at all. Plaintiff has not alleged notice by the Defendant or even mere knowledge by the Defendant of the suit. As such, this factor

weighs in favor of dismissal. *See Hatton v. Nationwide Mut. Ins. Co.*, No. 5:19-cv-020-JMH, 2019 WL 3219149, at *4 (E.D. Ky. July 17, 2019) (weighing the third factor in favor of dismissal absent notice).

Fourth, the Court must consider whether dismissal without prejudice would prejudice Plaintiff. A consideration when examining the prejudice to a plaintiff is if dismissal of the suit would run afoul of the statute of limitations, because a plaintiff would be prejudiced if a dismissal without prejudice effectively barred the claim from being brought again in federal court. Turning to Plaintiff's Complaint here, an assessment of the statute of limitations is not straightforward because the cause of action being asserted is not obvious. Plaintiff's Complaint requests the Court issue an injunction against the Department of Education prohibiting it from collecting on the subject loans. The Complaint alleges no specific cause of action.[1] The Court cannot consider what statute of limitations applies if the cause of action is not clear.

It is well established that "the United States, as sovereign, is immune from suit save as it consents to be sued." *Lehman v. Nakshian*, 453 U.S. 156, 160 (1981); *see also Haines v. Fed. Motor Carrier Safety Admin.*, 814 F.3d 417, 425 (6th Cir. 2016) ("The doctrine of sovereign immunity removes subject matter jurisdiction in lawsuits against the United States unless the government has consented to the suit."). A waiver is required by the government to bypass sovereign immunity. *FDIC v. Meyer*, 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."). A waiver of sovereign immunity cannot be implied; rather, it must be "unequivocally expressed." *See United States v.*

---

[1] Plaintiff does, however, request a declaration under 28 U.S.C. § 2201. (R. 1 at Page ID 3). Because the "Declaratory Judgment Act is not a cause of action," this request is not an independent basis for subject matter jurisdiction. *Youkhanna v. City of Sterling Heights*, 934 F.3d 508, 515 (6th Cir. 2019).

*Testan*, 424 U.S. 392, 399 (1976). "[W]hen Congress attaches conditions to legislation waiving sovereign immunity of the United States, those conditions must be strictly observed, and exceptions thereto are not to be lightly implied." *Block v. North Dakota*, 461 U.S. 273, 287 (1983).

The Higher Education Act ("HEA") contains a waiver of sovereign immunity. It provides that:

> In the performance of, and with respect to, the functions, powers, and duties, vested in him by this part, the Secretary [of the Department of Education] may—
> . . .
> (2) sue and be sued in any court of record of a State having general jurisdiction or in any district court of the United states, and such district courts shall have jurisdiction of civil actions arising under this part without regard to the amount in controversy, and action instituted under this subsection by or against the Secretary shall survive notwithstanding any change in the person occupying the office of Secretary or any vacancy in the office; but no attachment, injunction, garnishment, or other similar process, mesne or final, shall be issued against the Secretary or property under the Secretary's control . . .

28 U.S.C. § 1082(a)(2). Case law interpreting has found no private right of action exists under the HEA. *Thomas M. Cooley Law School v. Am. Bar Ass'n*, 459 F.3d 705, 710 (6th Cir. 2006) ("[N]early every court to consider the issue in the last twenty-five years has determined that there is no express or implied private right of action to enforce any of the HEA's provisions.").

The main issue with Plaintiff's claim, as currently presented, is that he asks for injunctive relief preventing the Defendant from taking collection against him. (R. 1 at Page ID 4). The HEA expressly does not allow for injunctive relief. Construing the statute narrowly, and strictly observing the statute as written, because the United States has not waived sovereign immunity, the Court does not have jurisdiction to entertain a cause of action under the HEA for injunctive relief against the Defendant. *See Perkins v. U.S. Dept. of Educ.*, No. C2-01-867, 2002 WL 31370473, at *3 (S.D. Ohio Sept. 30, 2002) (concluding that it lacks subject matter jurisdiction when the plaintiff requested an injunction against the Department of Education).

7

Thus, any prejudice to Plaintiff in dismissing without prejudice is challenging to consider because it is axiomatic if there is no legal basis to begin with, the statute of limitations is not implicated. The more appropriate basis challenging the Department in such circumstances appears to be, by the facts as presented by Plaintiff, the Administrative Procedures Act (APA). The APA governs judicial review of final agency action. *See* 5 U.S.C. § 701-706. "[It] 'provides a broad waiver of sovereign immunity,' limited by the exceptions provided under the statute." *Haines*, 814 F.3d at 425 (quoting *Beamon*, 125 F.3d at 967). This exception to sovereign immunity is for equitable relief against federal officials. *Id.* (quoting *Capital Park Ltd. Dividend Hous. Ass'n v. Jackson*, 202 F. App'x 873, 877 (6th Cir. 2006)).

Here, the Complaint represents that Plaintiff has taken his case to the Department of Education through the administrative process. (R. 1 at Page ID 3). Specifically, the Complaint states that "Plaintiff has filed an administrative appeal, contesting the legitimacy of his purported signature on said loan application," and that, a decision was entered that "determined . . . that the Loan Application was not a forgery." (*Id.*) The injunctive relief that Plaintiff seeks is not monetary relief, which is prohibited under the APA. Therefore, although the Court makes no recommendation on the matter, it appears from the Complaint that the Court would have subject matter jurisdiction for the situation described in the Complaint if Plaintiff had brought his suit premised upon the APA rather than the HEA.

If that were the case, the APA is a civil action and is therefore "governed by a six-year statute of limitations." *Friends of Tim Ford v. Tenn. Valley Auth.*, 585 F.3d 955, 964 (6th Cir. 2009) (citing *Sierra Club v. Slater*, 120 F.3d 623, 630-31 (6th Cir. 1997)). "The limitation period begins to run from the time of 'final agency action.'" *Id.* (quoting *Sw. Williamson Country Cmty. Ass'n v. Slater*, 173 F.3d 1033, 1036 (6th Cir. 1999)). "In determining what constitutes final agency action, '[t]he core question is whether the agency has completed its decision making process, and

whether the result of that process is one that will directly affect the parties.'" *Id.* (quoting *Southwest*, 173 F.3d at 1036).

The Complaint asserts that the hearing decision was entered concerning the student loan "on or about February 5, 2019." (R. 1 at Page ID 3). While the Court makes no finding on whether this decision falls within the parameters of final agency action as required by the APA, it can be assumed that if February 5, 2019 is not the final agency action, then the final agency action would have occurred on some more recent date. Regardless, whenever the final agency decision would have occurred, it would have occurred well within the six-year statute of limitations of the APA. Accordingly, because Plaintiff would not be prejudiced, this factor weighs in favor of dismissal.

Finally, the Court must consider the Plaintiff's good faith efforts to effectuate service of process. At this point, the only evidence of Plaintiff's attempt to contact Defendant is Plaintiff's Request for Waiver of Service of Summons, allegedly sent within the time period for service but never returned. A single attempt at service made in good faith is not, on its own, a good faith effort to ensure service is made within the 90-day time period required by Rule 4(m). This factor weighs in favor of dismissal. *See Hatton*, 2019 WL 3219149, at *5.

In short, four of the five factors weigh in favor of dismissal. This case is over one year removed from the filing of the Complaint, and it is unclear whether the Defendant is even aware of this suit. The Advisory Committee Notes to the 2015 amendment to subdivision (m) state that "shortening the presumptive time for service will increase the frequencies of occasions to extend the time. More time may be needed . . . when a request to waive service fails. . . ." Given, however the totality of Plaintiff's failure to act, and the explanation for that failure as well as the case as currently presented by Plaintiff, the proper result is dismissal. Plaintiff is at liberty to refile his lawsuit should he desire to do so.

III.    **CONCLUSION AND RECOMMENDATION**

Accordingly, for the reasons set forth above, **IT IS RECOMMENDED** that Plaintiff's Motion for Order for Issuance of Summons (R. 5) be **denied**, and this case be **dismissed without prejudice.**

Specific objections to this Report and Recommendation must be filed within fourteen (14) days of the date of service or further appeal is waived.  Fed. R. Civ. P. 72(b)(2); *Thomas v. Arn*, 728 F.2d 813, 815 (6th Cir. 1984), *aff'd*, 474 U.S. 140, 155 (1985).  A general objection that does not "specify the issues of contention" is not sufficient to satisfy the requirement of a written and specific objection.  *Miller v. Currie,* 50 F.3d 373, 380 (6th Cir. 1995) (citing *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505, 508-09 (6th Cir. 1991)).  Poorly drafted objections, general objections, or objections that require a judge's interpretation should be afforded no effect and are insufficient to preserve the right of appeal.  *Howard,* 932 F.2d at 509.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of those objections.  Fed. R. Civ. P. 72(b).

Dated this 13th day of November, 2020.



Signed By:

*Candace J. Smith*

**United States Magistrate Judge**

J:\DATA\Orders\civil cov\2019\19-45-WOB R&R to dismiss under 4(m).docx

10